## W. E. MIDDLETON v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—51.]

**Self-Defense.**

One who is the aggressor in a fight and makes an unprovoked attack upon another can not be held to be acting in self-defense when he kills the person attacked in attempting to ward off the blows of the person attacked.   One can not provoke an attack for the purpose of an excuse to take life and then go acquit on the ground that he took life in defense of himself.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 7, 1884.

OPINION BY JUDGE PRYOR:

We have examined this record with the utmost care, and in our opinion counsel for the accused in an elaborate and well considered brief have placed the case of the accused in a more favorable light than it is presented by the record.   The inferences drawn by counsel are perhaps legitimate when confined alone to the testimony for the defense, but when considering the whole case there are no mitigating circumstances in it, and nothing upon which a plea of self-defense could be maintained before an impartial jury. The evidence is overwhelming as to the purpose of the accused to take human life on the day he killed Miller.   His conduct was not only boisterous and disorderly, but gave evidence of an utter

indifference to the rights of others, and maddened by liquor he was ready to take the life of those who interfered with him, or at least inflict upon them great bodily harm. No provocation seems to have been necessary to arouse his passions, and the slightest admonition, advice or remonstrance as to his conduct was the excuse for his attempt to thrust his knife into those whose kind interference he should have accepted. Witness after witness testified as to his assault on the deceased and that he cut him with his knife both before and after they fell to the ground. That he did cut Miller before he fell is certain, and while there is some proof that Miller inflicted the first blow it comes from those who did not see the beginning of the difficulty, or if possible must have had their eyes closed as to what was transpiring between the parties. The accused was cutting and stabbing the deceased and the latter beating the accused with his fists, the accused having brought on the difficulty without provocation or excuse, and never ending it until he had taken the life of Miller. His purpose to take human life from the time he approached the table at the barbecue if interfered with in any manner is clearly shown. That he originated the difficulty is equally as well established, and that he never retired from the conflict until he inflicted the mortal wound is also apparent.

If being thrown to the ground or knocked down by his adversary is to be considered as retiring from the conflict he perhaps had abandoned it. But he was knocked down by reason of the stabs he had inflicted on the body of the deceased, and when down he inflicted the wound that proved mortal. There is some proof showing that the wound was inflicted before the parties reached the ground, but the testimony shows it was done while the deceased was upon him. The fact that deceased was upon him affords no excuse. He brought on the difficulty, used a weapon that produced death while the deceased was beating him with his fists, and has taken the life of his neighbor without justification or excuse and for which a jury has said he should be punished.

There was no reason for giving the instruction asked for by counsel. The law of self-defense had been given to the jury. To say that one has the right to stab another not in self-defense and when knocked down by his adversary that he then has the right to take the latter's life because he is pounding him with his fists

or even using a knife upon him would be establishing a precedent that would encourage the lawless and reckless to make assaults that they might have an opportunity to take human life. The facts of this case required the instructions given. They contained the law of the case, and to have given the instruction asked for by the accused would be to interpose a new rule of law between the slayer and his innocent victim that the former might escape a just and proper punishment.

Judgment *affirmed.*

*Whittaker & Parson, for appellant.*

*P. W. Hardin, for appellee.*

